UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:03CV-P239-R

**KEITH MORGAN**                                                                                 **PLAINTIFF**

v.

**MICHAEL MORTON** *et al.*                                                **DEFENDANTS**

**MEMORANDUM AND ORDER**

By Memorandum Opinion and Order entered November 26, 2003, the Court dismissed the instant action, finding the federal claims time barred as they were not filed within the one-year statute of limitations applicable to actions under 42 U.S.C. § 1983; declining to exercise supplemental jurisdiction over the state law claims; and remanding the state law claims to the Jefferson Circuit Court. Currently before the Court is Plaintiff's "Motion to Reinstate & Review" the Court's November 26, 2003, dismissal Order.

Given that over three years have elapsed since the dismissal of the action, the only means by which Plaintiff may challenge the dismissal is by Federal Rule of Civil Procedure 60(b)(4), (5), and (6). *See* Fed. R. Civ. P. 60(b) ("The [Rule 60(b)] motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."); Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). Rule 60(b) provides, in pertinent part,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b)(6) "should apply only in 'exceptional or extraordinary circumstances' not otherwise addressed by the first five numbered clauses of the rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted).

In his motion to reconsider, Plaintiff argues only that the complaint was dismissed "due to no fault of his own. That Warden Larry D. Chandler was solely responsible for the dismissal. . . . because [Chandler and] Dept of Corrections could not allowed Morgan in public 'Court Room' due to fact it would violate Public Safety." Such an argument wholly fails to satisfy any of the standards set forth subsections (4), (5) and (6), for causing the Court to reconsider its dismissal of the federal claims as time barred, and the Court does not have jurisdiction over the remanded state law claims.

As Plaintiff offers nothing in his Rule 60(b) motion that would warrant the extraordinary relief requested, **IT IS ORDERED** that the motion (DN 23) is **DENIED**.

Date:

cc:    Plaintiff, *pro se*
       Jefferson County Attorney
4413.005